BEFORE THE JUDICIAL PANEL
ON
MULTIDISTRICT LITIGATION

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION
FILED

JUN 19 1975

PATRICIA D. HOWARD
CLERK OF THE PANEL

IN RE AMERADA HESS CORPORATION ) DOCKET NO. 192
ANTITRUST LITIGATION )

## OPINION AND ORDER

BEFORE ALFRED P. MURRAH, CHAIRMAN, AND JOHN MINOR WISDOM,
EDWARD WEINFELD, EDWIN A. ROBSON, WILLIAM H. BECKER,
JOSEPH S. LORD, III, AND STANLEY A. WEIGEL, JUDGES OF THE PANEL

PER CURIAM

This litigation involves the activities of Amerada Hess Corporation (Hess) and presently consists of three actions, two in the Southern District of Florida and one in the Southern District of New York. Hess is a major oil company which has, in the past, generally marketed its products through service stations owned by it and operated by franchised dealers who lease their premises and equipment from Hess. Plaintiffs in each action purport to represent a class of all present and former Hess franchisees. The complaints in the three actions are virtually identical and contain allegations that Hess violated the federal antitrust laws by using certain illegal tying devices in standardized contracts with its various franchisees. These requirements allegedly include the purchase of gasoline exclusively from Hess, the execution of a monthly lease to be renewed at Hess's discretion, the grant of a license for the use of the Hess tradename and the implementation of a credit card arrangement whereby the franchisees must allow Hess a 5% discount on Diners' Club card sales submitted to Hess for payment.

Plaintiffs in the Florida actions move the Panel for an order transferring their actions to the Southern District of New York for coordinated or consolidated pretrial proceedings pursuant to 28 U.S.C. §1407 with the action pending there. No opposition to the motion has been received. We find that these actions involve common questions of fact and that transfer of the Florida actions to the Southern District of New York for coordinated or consolidated pretrial proceedings with the action pending there will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation.[1]

A review of the complaints in these actions clearly indicates that they involve common factual questions relating to conduct that is set forth in identical contracts between Hess and its franchisees. Coordinated or consolidated pretrial proceedings under Section 1407 will therefore eliminate the possibilities of duplicative discovery and inconsistent pretrial rulings, especially on the common class action issues. See In re Equity Funding Corporation of America Securities Litigation, 375 F. Supp. 1378, 1386 (J.P.M.L. 1974).

Movants suggest, and we agree, that the Southern District of New York is the most appropriate transferee forum for this litigation. Since Hess's corporate headquarters is in the

---

[1] Movants informed the Panel of their desire to waive oral argument and, without opposition, the question of transfer of these actions under 28 U.S.C. §1407 was submitted for decision.

New York area, the bulk of the discovery sought of it will occur there. Moreover, the action there was the first filed and is at a more advanced stage than the others in this litigation.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. §1407, the actions listed on the attached Schedule A and pending in the Southern District of Florida be, and the same hereby are, transferred to the Southern District of New York and, with the consent of that court, assigned to the Honorable John M. Cannella for coordinated or consolidated pretrial proceedings with the action pending in that district and listed on Schedule A.

| | |
|---|---|
| SCHEDULE A | DOCKET NO. 192 |

### SOUTHERN DISTRICT OF NEW YORK

James Milonas, et al. v. Amerada Hess Corp.   Civil Action No. 73 Civ. 4263

### SOUTHERN DISTRICT OF FLORIDA

Joseph T. Montesani, et al. v. Amerada Hess Corp.   Civil Action No. 74-750-JE

Jean Watkins, etc. v. Amerada Hess Corp.   Civil Action No. 74-204-JE